J. W. BUNCLE, Appellee, v. SIOUX CITY STOCK YARDS COMPANY, Appellant.

**MASTER AND SERVANT:** Workmen's Compensation Act—Finding
1 of Fact Conclusive. Evidence on the issue whether a hernia arose "out of or in the course of" an employment reviewed, and held to be in such state that the finding of fact by the industrial commissioner was conclusive on the court.

**MASTER AND SERVANT:** Workmen's Compensation Act—Corrobora-
2 tion. An injury may be compensable even though there be no corroborative evidence as to how it happened, and even though the injury, in its inception, was not sufficient to immediately prostrate the employee, and to call for immediate medical assistance.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

NOVEMBER 22, 1921.

THE plaintiff, employee of the defendant, made claim for compensation for an alleged injury resulting in hernia, while

in the defendant's service. The arbitration committee called to consider the claim rejected it by a majority finding which was concurred in by two of its members, the third member dissenting. The industrial commissioner sustained the majority report of the arbitrators, and plaintiff thereupon took an appeal to the district court, which reversed the commissioner's finding. Defendant appeals.—*Reversed.*

*C. Woodbridge,* for appellant.

*Clarence A. Plank,* for appellee.

WEAVER, J.—It is the plaintiff's claim that, in pursuance of his line of duty in the defendant's service at the stockyards in Sioux City, he was engaged in repairing certain electric wires extending along or over the top of a high board fence. For that purpose, he climbed upon the fence, which act was accomplished by reaching his arms up and over the fence and throwing his leg over the plank at the top. As he made that movement, he felt a sharp pain in his right groin, but went on with his work. He had never experienced such pain before, nor had he ever before developed a hernia, and did not at the time realize the nature of his hurt. This incident occurred on September 14, 1916. He did not report the matter to the defendant or consult a physician until October 2, 1916, when he called upon a doctor, who discovered a small hernia in the groin, and advised the use of a truss. Plaintiff procured a truss, and continued to work for defendant as before, until February 3, 1917, when he was discharged. He says that, after the alleged hurt and before he applied the truss, he suffered frequent pains, at that point, compelling him sometimes to suspend work. His physician testifies that a common immediate cause of such a hernia is a "strain from exertion, or something of that sort." This witness further says that a man "might continue at work with a traumatic hernia until after several days had gone by." It is not, he says, an unusual thing for a man to suffer a hernia and "continue at work for a period of several days, and put up with the pain. This is true of enough cases to justify the statement."

The only evidence offered for the defendant was a signed

1. MASTER AND SERVANT: Work-men's Compensation Act: finding of fact conclusive.

statement, dated November 14, 1916, made by the plaintiff to an agent or representative of the defendant or its insurer. This statement does not differ materially from his evidence on the trial, but adds:

"I kept on working, but felt something there all the time. I didn't look at it for about a week; then I found a little bit of a lump." In getting on the fence, "I did not slip or fall. Nothing hit me."

On this showing, a majority of the arbitration committee found that the alleged injury "did not arise out of or in the course of plaintiff's employment, and is not a personal injury, within the meaning of Section 1, Chapter 147, Laws of the 35th General Assembly of Iowa, and that he has not met the require-ments of the burden of proof to an extent justifying the award of compensation." This finding was affirmed by the commissioner, upon plaintiff's petition for a review of the case.

We are inclined to the view that the showing made by the plaintiff is sufficiently vague and uncertain to bring the case within the statutory rule which makes the finding of the committee and of the commissioner final upon questions of fact; and such being the situation, the judgment of the district court must be reversed. We think, however, it should be said in this connection that, if the opinion rendered by the commissioner in making his finding is capable of the construction put upon it by appellant's counsel, it is not to be approved. As interpreted by counsel, in order to justify a recovery of compensation for hernia it must appear: (1) That there is corroborating evidence; (2) that the injured man broke down, and was compelled to cease work; (3) that he was, within reasonable time, compelled to seek medical assistance; (4) that he reported to his employer immediately, and gave notice of the injury; and (5) that the injury was such as was capable of producing hernia. There are expressions to be found in the opinion which, segregated from their context, might be held capable of sustaining the interpretation which counsel places upon them; but, taking the commissioner's discussion as a whole, we are very sure that the deduction made therefrom in counsel's argument is erroneous, and that the commissioner did not commit himself to any such holding. It is not true, as a matter of law, that, to justify

a finding of compensable injury by hernia or other bodily misfortune, the claimant must be corroborated; or that the claimant must have broken down and been compelled to cease work; or that he must report to his employer immediately; or that he must have been compelled to seek medical assistance. Such circumstances are, of course, admissible in testimony, and may be considered, with other facts and circumstances, in arriving at the truth as to the alleged fact of injury and of its nature and extent; but the absence of any one or more or even of all of these so-called tests is not necessarily conclusive against the claimant. Where there is no statutory requirement of corroboration, it is not within the province of any court to lay down an ironclad rule that a party seeking the enforcement of a legal right will be denied a remedy unless he produces corroboration of his claim. It ought to go without saying that it is still possible for a claimant of compensation to be an honest man, and that his testimony may be so candid and so inherently probable as to command the confidence of a fair-minded court or juror, even though he is unable to produce any other witness to corroborate him. To turn such a party out of court for no better reason than his inability to offer corroboration would be a perversion of the forms of legal justice. Still less is it permissible to say that the claimant in such case must, as a condition precedent to a recovery, show that his alleged injury was followed by an immediate breakdown, and cessation of work. · To so hold is, in effect, to engraft a judicial amendment upon the compensation statute. No court is so letter perfect in human anatomy or so accomplished in surgical or medical lore that it can say that every case of traumatic hernia produces immediate prostration. On the contrary, notwithstanding the learning of the books and the dogmatic declarations of expert witnesses, it is a matter of common knowledge that thousands of men suffer from inguinal hernia, and that many of them are able to point to the time and place where it developed, and the physical strain or exertion which occasioned it, and yet were never prostrated by it. It is doubtless true that, in very many cases, the lesion takes place from the gradual enlargement of the inguinal rings, and is not traceable to any accident or unnatural strain or exertion; and that much difficulty

**2. Master and Servant: Workmen's Compensation Act: corroboration.**

exists in determining whether, in a given case, the hernia, if one is found, is of a compensable character. This difficulty justifies the arbitration committee and the commissioner in closely scrutinizing the testimony, and satisfying themselves, as nearly as possible, as to the origin of the alleged injury, in order that they may do equal and exact justice between the parties; but the rule applicable is the same as in other cases, and requires only a preponderance of evidence.

Further discussion at this point is unnecessary. For the reasons hereinbefore stated, the judgment of the district court is reversed and the finding of the industrial commissioner is sustained.—*Reversed.*

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur.